717 F.2d 1227
 Fed. Sec. L. Rep. P 99,511
Joseph O. MORRISSEY, Jr., individually and derivatively on
behalf of County Tower Corp., Appellant,
v.
COUNTY TOWER CORP., William E. Ball, Andrew N. Bauer, L.
Carl Owen, Jr., Harlan A. Eckhardt, J. Gordon Forsyth,
William A. Frank, William N. Harsha, Jack R. Hennessey, Ben
Hesselberg, James C. Laflin, John K. Lilly, Eugene T.
Luning, John M. McIlroy, Sr., Ben Peck, Merle M. Sanguinet,
H.D. Schodde, L. Edward Smart, Frank K. Spinner, Jules Q.
Strong, Gregory B. Vatterott, Earl E. Walker, Mahlon B.
Wallace, III and Robert C. Wolford, Appellees.
 No. 83-1377.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 13, 1983.
Decided Oct. 5, 1983.
 
 Guilfoil Petzall & Shoemake, Thomas J. Guilfoil, Jim J. Shoemake, St. Louis, Mo., for appellant Joseph O. Morrissey, Jr.
 Arnold & Porter, John D. Hawke, Jr., Robert D. Rosenbaum, William J. Baer, Gary E. Humes, Washington, D.C., Lashly, Caruthers, Baer & Hamel, P.C., Albert H. Hamel, St. Louis, Mo., for appellees County Tower Corp., et al.
 Before BRIGHT, ARNOLD and FAGG, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joseph O. Morrissey, Jr., a shareholder in County Tower Corp., brought this action individually and on behalf of the corporation for money damages and to secure injunctive relief voiding the results of a special meeting of shareholders at which amendments to County Tower's articles of incorporation and by-laws were adopted. The effect of the amendments was to make it more difficult for a large shareholder to bring about a merger or consolidation of County Tower with another entity by requiring, in the alternative, supermajority approval of the combination or compliance with other protective measures. In addition, the number of directors was reduced from 23 to 9 and the directorships were divided into three classes with staggered expiration of terms. Morrissey alleged that the individual defendants, who were members of the corporation's board of directors when the special meeting was scheduled and the amendments were proposed to the shareholders, had engaged in improper conduct concerning the special meeting.
 
 
 2
 In the first of three counts included in Morrissey's complaint it is alleged that a proxy statement approved by the board of directors, pertaining to the special meeting, contained false or misleading statements of material fact and omitted material facts in violation of Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78n(a), and Rule 14a-9, 17 C.F.R. Sec. 240.14a-9. The gist of Morrissey's contentions regarding the first count is that the proxy statement did not reveal adequately the real purpose of the proposed amendments, which was to entrench the defendants and management, or the possible adverse effects of adopting the proposals.
 
 
 3
 In the second count it is claimed that the defendants scheduled the special meeting for late December 1982 in order to evade the disclosure requirements of Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78n(a); Rule 14a-3, 17 C.F.R. Sec. 240.14a-3; and Schedule 14A, 17 C.F.R. Sec. 240.14a-101; and that the amount of time allowed between notification of shareholders and the special meeting was insufficient to permit effective opposition to the proposals. Morrissey argues that adequate disclosure would have shown deterioration of County Tower's financial condition.
 
 
 4
 The third count contains an omnibus pendent claim that the defendants breached their fiduciary duties by proposing the amendments to County Tower shareholders, by their scheduling of, and conduct related to, the special meeting, and by distributing false and misleading proxy statements to shareholders. Morrissey contends the defendants pursued their own interests and the interests of management at the expense of the welfare of the corporation and its shareholders.
 
 
 5
 At the close of the plaintiff's evidence in a bench trial, the district court granted the defendants' motion to dismiss Morrissey's claims under Fed.R.Civ.P. 41(b), rendered judgment accordingly, and stated its findings of fact and conclusions of law as required by Fed.R.Civ.P. 52(a). See Morrissey v. County Tower Corp., 559 F.Supp. 1115 (E.D.Mo.1983). The district court held that the proxy statement disclosed fairly and accurately all material information, including the potential harmful effects of the proposed amendments. Id. at 1123. The district court also concluded that the special meeting had not been scheduled for late December 1982 in order to evade disclosure requirements and that notice had been given a reasonable time in advance of the meeting. Id. Moreover, the district court determined that Morrissey had failed to show the deterioration in County Tower's financial condition which he contended should have been disclosed. Id. Finally, in view of its previous conclusions and the shareholders' ratification of the defendants' actions, the district court found no breach by the defendants of their fiduciary duties. Id. at 1123-24.
 
 
 6
 We have carefully considered the arguments advanced by Morrissey on appeal. We find that the district court's findings of fact are not clearly erroneous, nor does there appear any reversible error of law. Accordingly, we affirm the judgment of the district court on the basis of its cogent and thorough opinion. See 8th Cir. Rule 14.